IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

**RECEIVED**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO.: 4:22cr 580 |
| | ) | |
| | ) | 18 U.S.C. § 2 |
| vs. | ) | 18 U.S.C. § 1956(a)(3) **FLORENCE, S.C.** |
| | ) | 18 U.S.C. § 1956(h) |
| | ) | 18 U.S.C. § 982(a)(l) |
| BHAGAVAN MAHAMAYAVI ANTLE, | ) | 28 U.S.C. § 2461(c) |
| a/k/a KEVIN ANTLE, | ) | 16 U.S.C. § 3372(a)(1) |
| a/k/a DOC ANTLE, | ) | 16 U.S.C. § 3372(d)(2) |
| ANDREW JON SAWYER, | ) | 16 U.S.C. § 3373(d)(1)(B) |
| a/k/a OMAR SAWYER, | ) | 16 U.S.C. § 3373(d)(3)(A)(ii) |
| MEREDITH BYBEE | ) | 16 U.S.C. § 1538(a)(1)(E), (F) |
| a/k/a MOKSHA BYBEE, | ) | 16 U.S.C. § 1540(b)(1) |
| CHARLES SAMMUT, and | ) | |
| JASON CLAY | ) | **INDICTMENT** |
| | ) | |

**JUN 28 2022**

## BACKGROUND

At all times material to this Indictment:

1.    **DEFENDANT BHAGAVAN MAHAMAYAVI ANTLE, a/k/a KEVIN ANTLE, a/k/a DOC ANTLE,** resided in the District of South Carolina and was the owner and operator of The Institute for Greatly Endangered and Rare Species (T.I.G.E.R.S.), also known as the Myrtle Beach Safari.

2.    The Myrtle Beach Safari was a for-profit 50-acre wildlife tropical preserve located in Myrtle Beach, South Carolina 29488. The Myrtle Beach Safari offered tours and private encounters with exotic wildlife.

3.    **DEFENDANT ANDREW JON SAWYER, a/k/a OMAR SAWYER,** resided in the District of South Carolina and was **DEFENDANT ANTLE's** employee and business associate.

4.    **DEFENDANT ANTLE**, often jointly with **DEFENDANT SAWYER**, procured

or attempted to procure bulk cash receipts, regardless of the source, and used that cash for a variety of purposes, including purchasing animals and for other purposes tied to the Myrtle Beach Safari.

5.    **DEFENDANT MEREDITH BYBEE, a/k/a MOKSHA BYBEE,** resided in the District of South Carolina and was **DEFENDANT ANTLE's** employee and business associate.

6.    **DEFENDANT CHARLES SAMMUT** resided in the Northern District of California and was the owner and operator of Vision Quest Ranch, a for-profit corporation that housed captive exotic species and sold tours and safari experiences to guests.

7.    **DEFENDANT JASON CLAY** resided in the Eastern District of Texas and was the owner and operator of the Franklin Drive Thru Safari, a for-profit corporation that housed captive exotic species and sold tours and safari experiences to guests.

8.    The Lacey Act, Title 16 United States Code, Section 3371 et seq., made it unlawful for any person to knowingly transport, sell, receive, acquire, or purchase, in interstate commerce, any wildlife, when the person knew that said wildlife was taken, possessed, transported, or sold in violation of federal laws or regulations. 16 U.S.C. §§ 3372(a)(1), 3373(d).

9.    The Lacey Act also prohibited any person from making or submitting any false record, account, label for or identification of wildlife that had been or was intended to be transported in interstate or foreign commerce. 16 U.S.C. § 3372(d).

10.    The Endangered Species Act (ESA), Title 16, United States Code, Section 1531 et seq., authorized the United States Fish and Wildlife Service (USFWS) to issue regulations listing certain species of wildlife as "endangered."

11.    The ESA prohibited any person subject to the jurisdiction of the United States from engaging in the unpermitted delivery, receipt, carrying, transporting, or shipping, in interstate or

foreign commerce in the course of a commercial activity, of wildlife listed as endangered. 16 U.S.C. §§ 1538(a)(1)(E), 1540(b)(1).

12.    The ESA further prohibited any person subject to the jurisdiction of the United States from engaging in the unpermitted interstate or international sale, or offer of sale, of wildlife listed as endangered.  16 U.S.C. §§ 1538(a)(1)(F), 1540(b)(1)

13.    The ESA established a registration and permitting exception to the prohibition against interstate movement or sale of captive-bred endangered species.  In order to qualify for the exception, an entity had to submit an application to USFWS for each transaction.  The USFWS then published the application for public notice and comment, and made a determination whether the applicant had sufficiently shown that the prohibited activity would adequately enhance the survival of the affected wildlife. 50 C.F.R. § 17.21(g).

14.    The red ruffed lemur (*Varecia rubra*) was a species of primate native to a small region on the island of Madagascar. All red ruffed lemurs, wherever found, were listed as endangered under the ESA in 1970. 50 C.F.R. § 1711(h) (2022); 35 Fed. Reg. 8,491 (June 2, 1970).

15.    The chimpanzee (*Pan troglodytes*) was a highly social species of great ape native to tropical regions of Africa. Wild chimpanzees were listed as threatened under the ESA in 1976. 41 Fed. Reg. 45,990 (October 19, 1976). Due to continued population loss, wild chimpanzees were listed as endangered under the ESA in 1990. 55 Fed. Reg. 9,129 (March 12, 1990). All chimpanzees, wild or captive, wherever found, were listed as endangered under the ESA in 2015. 50 C.F.R. § 1711(h) (2022); 80 Fed. Reg. 34,500 (June 16, 2015).

16.    The cheetah (*Acinonyx jubatus*) was a species of large cat native to Africa. All cheetahs, wherever found, were listed as endangered under the ESA in 1972. 50 C.F.R. § 1711(h) (2022); 37 Fed. Reg. 6,476 (March 30, 1972).

## COUNT 1
*(Lacey Act Trafficking)*

**THE GRAND JURY FURTHER CHARGES:**

17.    Paragraphs 1 through 16 of this Indictment are incorporated herein by reference.

18.    On or about June 24, 2018, in the District of South Carolina and elsewhere, the Defendants, **BHAGAVAN MAHAMAYAVI ANTLE, a/k/a KEVIN ANTLE, a/k/a DOC ANTLE,** and **CHARLES SAMMUT**, did themselves and through the actions of others, knowingly engage in conduct involving the sale and purchase of, offer of sale and purchase of, and intent to sell and purchase wildlife, that is red ruffed lemurs (*Varecia rubra*), with a market value in excess of $350, and did knowingly transport, sell, purchase, receive, and acquire said wildlife, knowing that the wildlife had been transported and sold in violation of federal law, specifically the Endangered Species Act, Title 16, United States Code, Sections 1538(a)(1)(E) and (F).

All in violation of Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(B), and Title 18, United States Code, Section 2.

<u>**COUNT 2**</u>
*(Endangered Species Act Violation)*

**THE GRAND JURY FURTHER CHARGES:**

19.     Paragraphs 1 through 16 of this Indictment are incorporated herein by reference.

20.     On or about June 24, 2018, in the District of South Carolina and elsewhere, the

Defendants, **BHAGAVAN MAHAMAYAVI ANTLE, a/k/a KEVIN ANTLE, a/k/a DOC**

**ANTLE,** and **CHARLES SAMMUT**, did themselves, and through the actions of others,

knowingly deliver, receive, carry, transport, and ship an endangered species of wildlife, that

is, two red ruffed lemurs (*Varecia rubra*), in interstate commerce, in the course of a

commercial activity.

All in violation of Title 16, United States Code, Sections 1538(a)(l)(E), (F) and 1540(b)(1),

and Title 18, United States Code, Section 2.

## COUNT 3
*(Lacey Act False Labeling)*

**THE GRAND JURY FURTHER CHARGES:**

21.    Paragraphs 1 through 16 of this Indictment are incorporated herein by reference.

22.    On or about September 30, 2018, in the District of South Carolina and elsewhere, the Defendants, **BHAGAVAN MAHAMAYAVI ANTLE, a/k/a KEVIN ANTLE, a/k/a DOC ANTLE,** and **MEREDITH BYBEE, a/k/a MOKSHA BYBEE**, did knowingly engage in conduct involving the sale and purchase of, offer to sell and purchase, and commission of an act with intent to sell and purchase wildlife with a market value greater than $350, that is, two juvenile cheetahs (*Acinonyx jubatus*), and the Defendants did knowingly make, and cause to be made, a false record, account, label, and identification of the cheetahs, which had been and were intended to be transported in interstate commerce.

All in violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii), and Title 18, United States Code, Section 2.

<u>COUNT 4</u>
(*Endangered Species Act Violation*)

**THE GRAND JURY FURTHER CHARGES:**

23.    Paragraphs 1 through 16 of this Indictment are incorporated herein by reference.

24.    On or about September 30, 2018, in the District of South Carolina and elsewhere, the Defendants, **BHAGAVAN MAHAMAYAVI ANTLE, a/k/a KEVIN ANTLE, a/k/a DOC ANTLE,** and **MEREDITH BYBEE, a/k/a MOKSHA BYBEE**, did themselves, and through the actions of others, knowingly deliver, receive, carry, transport, and ship endangered species of wildlife, that is, two juvenile cheetahs (*Acinonyx jubatus*), in interstate commerce, in the course of a commercial activity.

All in violation of Title 16, United States Code, Sections 1538(a)(l)(E), (F) and 1540(b)(1), and Title 18, United States Code, Section 2.

## COUNT 5
*(Lacey Act False Labeling)*

**THE GRAND JURY FURTHER CHARGES:**

25.     Paragraphs 1 through 16 of this Indictment are incorporated herein by reference.

26.     On about October 23, 2019, in the District of South Carolina and elsewhere, the Defendants, **BHAGAVAN MAHAMAYAVI ANTLE, a/k/a KEVIN ANTLE, a/k/a DOC ANTLE,** and **JASON CLAY,** did knowingly engage in conduct involving the sale and purchase of, offer to sell and purchase, and commission of an act with intent to sell and purchase wildlife with a market value greater than $350, that is, a juvenile chimpanzee (*Pan troglodytes*), and the Defendants did knowingly make, and cause to be made, a false record, account, label, and identification of the chimpanzee, which had been and was intended to be transported in interstate commerce.

All in violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii), and Title 18, United States Code, Section 2.

## COUNT 6
*(Endangered Species Act Violation)*

**THE GRAND JURY FURTHER CHARGES:**

27.    Paragraphs 1 through 16 of this Indictment are incorporated herein by reference.

28.    On or about October 23, 2019, in the District of South Carolina and elsewhere, the Defendants, **BHAGAVAN MAHAMAYAVI ANTLE, a/k/a KEVIN ANTLE, a/k/a DOC ANTLE,** and **JASON CLAY,** did themselves, and through the actions of others, knowingly deliver, receive, carry, transport, and ship endangered species of wildlife, that is, a juvenile chimpanzee (*Pan troglodytes*), in interstate commerce, in the course of a commercial activity.

All in violation of Title 16, United States Code, Sections 1538(a)(l)(E), (F) and 1540(b)(1), and Title 18, United States Code, Section 2.

## COUNTS 7 THROUGH 9
*(Money Laundering)*

**THE GRAND JURY FURTHER CHARGES:**

29.    Paragraphs 1 through 16 of this Indictment are incorporated herein by reference.

30.    On or about the dates set forth below, in the District of South Carolina, the Defendants, **BHAGAVAN MAHAMAYAVI ANTLE, a/k/a KEVIN ANTLE, a/k/a DOC ANTLE,** and **ANDREW JON SAWYER, a/k/a OMAR SAWYER**, as principals, aiders and abettors, and coparticipants in jointly undertaken criminal activity, with the intent to promote the carrying on of specified unlawful activities, and with the intent to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activities, did knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate commerce as set forth below, each of which involved property represented to be the proceeds of specified unlawful activities, or property used to conduct or facilitate specified unlawful activities, including using a tunnel or passage that crosses the border between the United States and a neighboring country to smuggle an alien in violation of Title 18, United States Code, Section 555, and bringing in or harboring certain aliens in the United States in violation of Title 8, United States Code, Section 1324, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction was represented to be the proceeds of some form of unlawful activity:

| Count | Date | Transaction |
|-------|------|-------------|
| 7 | February 8, 2022 | $270,000 in U.S. currency laundered using a check drawn on a bank account controlled by **DEFENDANT SAWYER** |
| 8 | March 24, 2022 | $115,000 in U.S. currency laundered using a check drawn on a bank account controlled by **DEFENDANT SAWYER** |

| 9 | April 26, 2022 | $120,000 in U.S. currency laundered using a check drawn on a bank account controlled by **DEFENDANT ANTLE** |

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A), (B), and 2.

## COUNT 10
*(Conspiracy to Commit Money Laundering)*

**THE GRAND JURY FURTHER CHARGES:**

31.    Paragraphs 1 through 16 of this Indictment are incorporated herein by reference.

32.    Beginning in or around 2019, and continuing up to and including June 2022, in the District of South Carolina and elsewhere, the Defendants, **BHAGAVAN MAHAMAYAVI ANTLE, a/k/a KEVIN ANTLE, a/k/a DOC ANTLE,** and **ANDREW JON SAWYER, a/k/a OMAR SAWYER**, and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate and agree together and have tacit understanding with each other and various other persons, both known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956(a)(3), to wit: to conduct and attempt to conduct financial transactions affecting interstate commerce, which in fact involved property represented to be the proceeds of specified unlawful activities, or property used to conduct or facilitate specified unlawful activities, including using a tunnel or passage that crosses the border between the United States and a neighboring country to smuggle an alien in violation of Title 18, United States Code, Section 555, and bringing in or harboring certain aliens in the United States in violation of Title 8, United States Code, Section 1324, knowing that the property involved in the financial transactions was represented to be the proceeds of some form of unlawful activity, and further with the intent to promote the carrying on of specified unlawful activities, and with the intent to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activities, in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and (B);

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION 1
*(Lacey Act Forfeiture)*

1.     Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 16, United States Code, Section 3374 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts 1 through 6 of this Indictment.

2.     Upon conviction under Title 16, United States Code, Section 3372, as charged in this Indictment, the Defendants, **BHAGAVAN MAHAMAYAVI ANTLE, a/k/a KEVIN ANTLE, a/k/a DOC ANTLE**, **MEREDITH BYBEE, a/k/a MOKSHA BYBEE**, **JASON CLAY**, and **CHARLES SAMMUT** shall forfeit to the United States the following:

(a)     All fish or wildlife or plants imported, exported, transported, sold, received, acquired, or purchased contrary to the provisions of Title 16, Section 3372 or any regulation issued pursuant thereto;

(b)     All vessels, vehicles, aircraft, and other equipment used to aid in any such offense; and

(c)     To the extent that such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.     Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the Defendants, **BHAGAVAN MAHAMAYAVI ANTLE, a/k/a KEVIN ANTLE, a/k/a DOC ANTLE**, **MEREDITH BYBEE, a/k/a MOKSHA BYBEE**, **JASON CLAY**, and **CHARLES SAMMUT**, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other

property that cannot be divided without difficulty.

## FORFEITURE ALLEGATION 2

MONEY LAUNDERING:

Upon conviction for violation of Title 18, United States Code, Section 1956 as charged in this Indictment, the Defendants, **BHAGAVAN MAHAMAYAVI ANTLE, a/k/a KEVIN ANTLE, a/k/a DOC ANTLE,** and **ANDREW JON SAWYER, a/k/a OMAR SAWYER**, shall forfeit to the United States any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, as charged in the Indictment, or any property traceable to the offenses.

PROPERTY:

Pursuant to Title 18, United States Code, Section 982(a)(1), and Title 28, United States Code, Section 2461(c), the property subject to forfeiture includes, but is not limited to, the following:

A.     Money Laundering/Forfeiture Judgment:

A sum of money equal to all property involved in the money laundering offenses charged in the Indictment, and all interest and proceeds traceable thereto, for which the Defendants are liable as the result of their violation of 18 U.S.C. § 1956.

B.     Bank Accounts:

(1)     Funds contained in Bank of America Checking Account
Account Number: x6422
In the name of: South Carolina Conservation Farm DBA Myrtle Beach Safari

(2)     $12,718.50, representing funds contained in Anderson Brothers Business Checking Account
Account Number: x8546
In the name of: Socastee Landscaping, LLC
Asset ID: 22-FBI-004247

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act

or omission of the Defendants:

        (a)      cannot be located upon the exercise of due diligence;

        (b)      has been transferred or sold to, or deposited with, a third person;

        (c)      has been placed beyond the jurisdiction of the Court;

        (d)      has been substantially diminished in value; or

        (e)      has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(l),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the Defendant up to the value of the forfeitable property;

Pursuant to Title 18, United States Code, Section 982(a)(l), and Title 28, United States

Code, Section 2461(c).

A _True_ BILL

_FOREPERSON_

COREY F. ELLIS
UNITED STATES ATTORNEY

By: _____
Derek A. Shoemake (#10825)
Assistant U.S. Attorney
401 West Evans Street, Suite 222
Florence, South Carolina 29501
Tel.:    (843) 665-6688
Fax:    (843) 678-8809
Email: Derek.Shoemake@usdoj.gov

Amy F. Bower (#11784)
Assistant U.S. Attorney
151 Meeting Street, Suite 200
Charleston, South Carolina 29401
Tel.:    (843) 727-4381
Email: Amy.Bower@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
ENVIRONMENT AND NATURAL
RESOURCES DIVISION

By: _____
Patrick M. Duggan
Senior Trial Attorney
Environmental Crimes Section
U.S. Department of Justice
Tel.: (202) 305-0366
Fax: (202) 514-8865
Email: Patrick.Duggan@usdoj.gov