IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO.: 4:22:CR-580 |
| | ) | |
| | ) | |
| -vs- | ) | **RESPONSE TO** |
| | ) | **DOCKET ENTRY 161** |
| | ) | |
| MAHAMAYAVI ANTLE | ) | |

NOW COMES the Defendant, Mahamayavi "Doc" Antle, in response to the Government's Motion to Modify Conditions of his bond, and he opposes this effort to interfere with the lawful operation of the Myrtle Beach Safari (MBS). As the Government has admitted, the request comes from the U.S. Department of Agriculture (USDA), a regulatory agency that has arbitrarily failed to fulfill its regulatory obligations. The USDA seeks the assistance of the Department of Justice (DOJ) to accomplish what it cannot: to restrict Antle's ability to transfer ownership of the MBS and the MBS' assets to a third party in an effort to close the MBS. The Government's Motion should be denied: this Court should not allow the DOJ, the strawman for the USDA, to accomplish that which the USDA cannot, and the Bail Reform Act does not confer on the Government unfettered power to control each and every aspect of Antle's life while he is on pretrial release and while he stands innocent under the law.

1

## FACTS

Both in its investigation and prosecution, the Government has engaged in a comprehensive campaign to crush Doc Antle, a 62 year-old man who has never been convicted of any crime, and to destroy his business, the MBS, which he has lawfully operated for almost 30 years in Myrtle Beach, South Carolina. In its investigation, the Federal Bureau of Investigation (FBI) used a confidential source to manufacture a story about events that were untrue in an effort to ensnare Antle, and the FBI has admitted to lying to at least one financial institution in opening bank account(s) it used during this investigation.

In its prosecution, the Government initially charged Antle with money laundering violations predicated on the fairy tale the FBI's confidential source conjured because it could not identify actual criminal conduct Antle was committing. After his arrest, it unsuccessfully moved for Antle's detention, incredibly claiming that a 62-year old man with no criminal record who had lived in the same place for almost 30 years and who surrendered to the FBI at its request should somehow sit in jail during the pendency of this case. Then, in advocating for what conditions of release would be appropriate, the Government unsuccessfully sought restrictions on Antle's ability to transfer and/or care for animals[1] even though no animal charges against him were pending in federal court at the

---

[1] The Government has released funds it seized in the investigation to allow the MBS to continue to care for the animals on its property, and Antle does appreciate the Government's partnership with him in accomplishing this noble goal.

time. Now, incredibly, the Government seeks to <u>add</u> restrictions as conditions of Antle's bond even though the Government does not allege he has committed any violation of the conditions of his bond whatsoever nor alleges that the transfer of assets associated with the MBS is illegal.

In explaining its extraordinary request, the Government candidly acknowledges that it was prompted by the USDA. "[T]he Government has recently been informed by the USDA that Defendant Antle is attempting to sell MBS. . . . " Docket entry 161 at 1.

Antle and the MBS have successfully partnered with the USDA for decades in obtaining the proper licensing/permitting required for the MBS to operate. However, the relationship has changed, despite the fact that Antle remains innocent under the law and the USDA is powerless to treat him or the MBS any differently. What was routine has become practically impossible. For example, Antle and the MBS have repeatedly attempted to schedule inspections with the USDA for the purpose of obtaining continued licensing/permitting for Antle and/or the MBS. These inspections have occurred regularly and routinely for decades, but not this year. Inspector(s) with the USDA have cancelled appointment(s) for inspections they have set at MBS without legitimate reasons, in one case blaming the cancellation on Antle's pending charges, which does not justify a refusal to conduct inspections under applicable federal regulations.

Meanwhile, PETA,[2] whose founder has compared human children to rats,[3] and other so called "animals rights" groups are rejoicing at the USDA's efforts to destroy a South Carolina business that has lawfully operated for decades.

> "Doc" Antle is grasping at straws to try to keep his seedy[4] roadside zoo going . . . . PETA is urging (the USDA) not to issue any more licenses to anyone seeking to exhibit animals from the Myrtle Beach Safari or to purchase the company.

https://www.peta.org/media/news-releases/doc-antle-tries-to-offload-roadside-zoo-peta-statement/. These groups want to shutdown the MBS, no matter who owns and operates it, regardless of whether its operation is consistent with federal and state law. Now, it appears the USDA has become a willing and enthusiastic partner in this quest.

## ARGUMENT

As this Court knows well, 18 U.S.C. Section 3142(c)(1)(B) requires the Court to fashion the "<u>least restrictive</u> . . . condition, or combination of conditions (of bond) that such judicial officer determines will <u>reasonably assure the appearance of the person</u> as required and <u>the safety of any other person and the community</u>." (Emphasis added). As Section 3142 makes clear and as this Court knows better than anyone, federal law empowers the

---

[2] "PETA" stands for "People for the Ethical Treatment of Animals."

[3] "As PETA founder Ingrid Newkirk has said, 'When it comes to pain, love, joy, loneliness, and fear, a rat is a pig is a dog is a boy. Each one values his or her life and fights the knife.'" https://www.peta.org/about-peta/why-peta/why-animal-rights/.

[4] Far from a "seedy roadside zoo," the MBS is among the finest facilities housing animals in the world. Antle invites the Court to visit the MBS website so it can personally view the grounds, the housing, the pools, and the other facilities he has constructed for each and every wonderful animal that lives at the MBS. https://myrtlebeachsafari.com.

Court to impose conditions of bond for two reasons: (1) to "reasonably assure the appearance of the person" charged with a crime; and (2) to protect "the safety of any other person and the community."

<u>The Government's attempt to tighten restrictions on Antle is absurd.</u>

Antle has perfectly complied with all conditions of his bond, and the Government does not allege otherwise. As an initial question, how many times has this Court seen the Government request <u>more</u> restrictions on a defendant on pretrial release who has perfectly complied with the conditions of bond? Arguably, this is an extremely rare, if not unprecedented, move on the Government's part.

In its Motion, the Government asks the Court to prevent Antle from transferring the MBS, its assets, and/or its animals because "[s]hould the sale occur, animals and other property that are evidence and subject to forfeiture would be owned and controlled by a non-party to the criminal case." Docket entry 161, at 1. The Government's Motion fails to explain why the Government perceives third party ownership of the MBS and/or its animals and other assets problematic, especially when federal forfeiture law preserves the United States' interest in such property despite third party transfers. See e.g., 21 U.S.C. Section 853(c) ("Any such property that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States. . . ."). In any event, this request cannot justify increased restrictions.

First, the Government's request that Antle be prohibited from transferring ownership of the MBS, a company that has lawfully operated for almost three decades and which is <u>not charged</u> with any violation of law, does nothing to ensure Antle's appearance in court or to enhance public safety. The Government does not seek to preserve these assets for the payment of restitution to victims: there are no victims of these crimes, and, even if there were, upon information and belief, the Government already has seized money from other parties that far exceeds any actual loss the Government can prove. In the absence of any reason why restricting the movement of these assets would benefit a victim, the Government cannot explain why this Court's interference with Antle's lawful transfer of ownership serves to protect the public.

As to assuring Antle's appearance in court, the Government's request does nothing to further ensure that he will continue to come to court: he has appeared in Court every time when called to do so, and his appearance in Court still is mandated as a condition of his bond. See docket entry 66, at 1. See generally, *United States v. Crowell*, 2006 WL 3541736, at *5 (W.D.N.Y. Dec. 7, 2006) (citing *United States v. Montalvo-Murillo*, 495 U.S. 711, 714 (1990) ("To determine whether the Amendments' prescribed release conditions are excessive, as that term appears in the Eighth Amendment, the court must compare such proposed conditions with the interests the government seeks to protect, including assuring the defendant's appearance at trial and protecting the safety of the community.").

Second, the Government's request seeks a <u>complete prohibition</u> of the sale of the MBS and/or all animals listed on the endangered species list that live at the MBS. This prohibition, if granted by the Court, would extend to the MBS and property which are not part of the Government's criminal case: the MBS is not charged, and the vast majority of the animals on MBS property are not the object of any counts of the indictment. This property is not subject to forfeiture under federal law. See e.g., 21 U.S.C Section 853(a) (narrowly defining what property is forfeitable under federal law). To impose restrictions on a defendant pretrial that have the affect of encumbering property not subject to forfeiture and curtailing behavior of third parties not charged with crimes far exceeds the power the Bail Reform Act grants this Court. See generally cf., *United States v. Montalvo-Murillo*, 495 U.S. 711, 719–20, (1990) (emphasis added) ("We have sustained the Bail Reform Act of 1984 as an appropriate regulatory device to <u>assure the safety of persons in the community and to protect against the risk of flight</u>.").

## **CONCLUSION**

By rejecting the Government's attempts to detain Antle and to obtain arbitrary restrictions on his behavior in relation to animals and the MBS, this Court has prudently, courageously, and properly applied the Bail Reform Act to Antle's case. Now he asks the Court to do it again.

Rather than recognizing Antle's compliance with the conditions of his bond and suggesting that restrictions on Antle be loosened, as it commonly does and is appropriate, the Government now seeks to tighten the vice grip on Antle by asking this Court to prevent

him from engaging in a lawful transaction involving the sale of the MBS and its property. The USDA, an agency now being praised by PETA and other so called "animal rights" groups and an agency that lacks the power to stop such a transfer, has turned to its sister agency, the DOJ, to accomplish this unjust goal.

Antle only asks that he be treated the same as every other similarly situated person: that this Court not add restrictions to conditions of his bond when he has perfectly complied with the conditions of his bond and when the Government does not allege otherwise. He stands innocent of the offenses for which the Government has charged him, and he should be allowed to engage in lawful business activities just as any other person who stands innocent would be allowed to do.

Respectfully submitted,

s/ Andrew B. Moorman, Sr.
Attorney for Defendant
Moorman Law Firm, LLC
416 East North Street
2nd Floor
Greenville, South Carolina 29601
864-775-5800
andy@andymoormanlaw.com
Federal ID # 10013
Respectfully submitted,

<u>s/ Ryan Beasley</u>
Attorney for Defendant
Ryan Beasley, P.A.
416 East North Street
2nd Floor
Greenville, South Carolina 29601
864-679-7777
rlb@ryanbeasleylaw.com
Federal ID # 9162

Greenville, South Carolina