IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 4:22-CR-00580-JD |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM ORDER** |
| BHAGAVAN MAHAMAYAVI ANTLE, | ) | **AND OPINION** |
| a/k/a KEVIN ANTLE, a/k/a DOC | ) | |
| ANTLE, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |
| SUGRIVA CO., LLC, | ) | |
| | ) | |
| PETITIONER. | ) | |

This matter comes before the Court upon the United States's Motion to Dismiss Petitioner Sugriva Co., LLC's Verified Statement of Interest under Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure. (DE 382.) Petitioner filed a Response in Opposition (DE 386), and the United States filed a Reply (DE 388). Having considered the Motion, the parties' briefing, and the applicable law, the Court grants the Motion in part and denies it in part for the reasons below.

Specifically, the Court concludes that Petitioner fails to state a claim under 21 U.S.C. § 853(n)(6)(A) as to Angada, Tara, and Vanera, and has not adequately pleaded a § 853(n)(6)(A) claim as to Joey based on the alleged 2016 transfer to a predecessor entity. The Court further concludes that the Verified Statement of Interest, as filed, does not plead sufficient facts to state a claim under § 853(n)(6)(B). Because the deficiencies in Petitioner's bona fide purchaser theory may be curable, dismissal of

1

that theory is without prejudice, and Petitioner will be afforded leave to file an amended verified petition.

## I.    BACKGROUND

### A.    Factual Background

Defendant Bhagavan Mahamayavi Antle ("Antle"), also known as "Doc Antle," owned and operated The Institute for Greatly Endangered and Rare Species, commonly known as Myrtle Beach Safari, a wildlife preserve in Horry County, South Carolina, that offered public encounters with exotic animals. (DE 382 at 3.) As part of the underlying criminal proceedings, the Government alleged that Antle engaged in a scheme to unlawfully acquire and traffic protected wildlife species, including chimpanzees, in violation of the Lacey Act and the Endangered Species Act. (*Id*. at 4–5.)

The forfeited property at issue consists of four chimpanzees: "Joey," "Angada," "Tara," and "Vanera." (DE 382 at 1.) According to the Government, Antle unlawfully acquired Angada in 2019, Tara in 2020, and Vanera in 2022 through transactions involving allegedly unlawful wildlife transfers and false documentation. (*Id*. at 4–5.) Co-defendant Andrew Sawyer allegedly owned Joey. (*Id*. at 5.) The Government contends that these chimpanzees constitute property subject to criminal forfeiture based on the conduct underlying the convictions. (*Id*. at 6–7.)

Sugriva's Verified Statement of Interest alleges that Sugriva was established in October 2022, holds the USDA license for Myrtle Beach Safari, has had legal custody of the chimpanzees since October 2022, and received the chimpanzees after

obtaining its USDA exhibitor permit. (DE 364 ¶¶ 5, 12.) The Verified Statement further alleges that Joey was transferred to Sugriva's predecessor in December 2016 and that Sugriva provided value in exchange for the transfer of the chimpanzees. (*Id.* ¶¶ 6, 11.) In its opposition brief, Sugriva elaborates that the asserted value consisted of ongoing obligations associated with care, housing, veterinary treatment, staffing, facility maintenance, insurance, and USDA/APHIS compliance. (DE 386 at 2–4.) Those additional assertions may inform whether an amendment should be permitted, but on the present Rule 32.2(c)(1)(A) motion, the Court looks principally to the facts outlined in the verified petition itself.

The Government disputes the legitimacy of Sugriva's claimed interest, arguing that Sugriva merely "received" the chimpanzees rather than purchasing them and that any purported transfer occurred after the conduct giving rise to forfeiture and during the pendency of the criminal case. (DE 382 at 12–16; DE 388 at 1–3.)

## B.    Procedural Background

On June 1, 2022, the United States initiated criminal proceedings against Defendant Antle and co-defendant Andrew Jon Sawyer by filing a criminal complaint alleging money laundering offenses. (DE 3.) Following Antle's arrest and release on bond, a federal grand jury returned an indictment on June 29, 2022, charging Antle and others with offenses relating to unlawful wildlife trafficking and associated conduct, including forfeiture allegations. Antle entered a not-guilty plea and remained on bond pending further proceedings. (DE 90; DE 91.) During the pendency of the criminal case, the Court modified Antle's conditions of release to require

advance notice to the Court and the Government of any sale, transfer, disposal, or divestiture of substantial assets. (DE 167.)

On October 25, 2023, the United States filed an Information charging Antle with conspiracy to violate the Lacey Act and conspiracy to commit money laundering, both with forfeiture allegations. (DE 223.) Antle thereafter waived indictment (DE 228) and, on November 6, 2023, pleaded guilty to Counts One and Two of the Information. (DE 232; DE 234.) As part of his plea agreement, Antle agreed not to contest forfeiture of property subject to forfeiture. (DE 211 at 5.)

The Court entered separate preliminary orders of forfeiture concerning the chimpanzees. On January 16, 2024, the Court entered a Preliminary Order of Forfeiture as to co-defendant Andrew Jon Sawyer concerning Joey. (DE 254.) On May 28, 2025, the Court entered a Preliminary Order of Forfeiture as to Antle concerning Angada, Tara, and Vanera. (DE 307.) Following publication of notice and direct notice to known interested parties, Petitioner Sugriva filed a Verified Statement of Interest under 21 U.S.C. § 853(n), asserting an ownership interest in all four chimpanzees. (DE 364.)

The United States subsequently filed the present Motion to Dismiss Sugriva's Verified Statement of Interest under Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure. (DE 382.) Sugriva filed a Response in Opposition (DE 386), and the United States filed a Reply. (DE 388.) Accordingly, the Motion is ripe for review.

## II.    STANDARD

Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure permits a court to dismiss a third-party petition in an ancillary forfeiture proceeding "for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). For purposes of such a motion, "the facts set forth in the petition are assumed to be true." *Id*. The rule does not require the Court to accept as true additional factual allegations supplied only in briefing and not verified in the petition.

In an ancillary forfeiture proceeding, a third-party petitioner may challenge forfeiture only by establishing a cognizable interest under one of the two categories set forth in 21 U.S.C. § 853(n)(6). *See United States v. Reckmeyer*, 836 F.2d 200, 204 (4th Cir. 1987). First, a petitioner may establish that it possessed a legal right, title, or interest in the property that was vested in the petitioner, rather than the defendant, or was superior to the defendant's interest at the time of the acts giving rise to forfeiture. 21 U.S.C. § 853(n)(6)(A). Second, a petitioner may establish that it was a bona fide purchaser for value who, at the time of purchase, was reasonably without cause to believe the property was subject to forfeiture. 21 U.S.C. § 853(n)(6)(B). Section 853(n)(3) also requires the petition itself to be signed under penalty of perjury and to set forth the nature and extent of the petitioner's interest, the time and circumstances of acquisition, any additional supporting facts, and the relief sought. 21 U.S.C. § 853(n)(3).

### III.    DISCUSSION

**A.    Sugriva Fails to State a Claim Under 21 U.S.C. § 853(n)(6)(A) as Presently Pleaded**

The Court first concludes that Sugriva fails to state a claim under § 853(n)(6)(A). To prevail under § 853(n)(6)(A), a petitioner must establish a legal interest in forfeited property that "was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture." 21 U.S.C. § 853(n)(6)(A). Further, under the relation-back doctrine codified in § 853(c), the Government's interest in forfeitable property vests "upon the commission of the acts giving rise to the forfeiture." *United States v. McHan*, 345 F.3d 262, 272 (4th Cir. 2003).

Here, Sugriva's allegations, as presently pleaded, do not establish a cognizable claim under § 853(n)(6)(A) as to Angada, Tara, and Vanera. Sugriva alleges that it obtained a USDA exhibitor license in October 2022 and after that received the chimpanzees. (DE 364 ¶¶ 5, 12.) Yet the conduct giving rise to forfeiture as to Angada, Tara, and Vanera allegedly occurred between 2019 and 2022, when Antle acquired or possessed those chimpanzees in connection with the underlying criminal conduct. (DE 223; DE 307.) Thus, based on the facts pleaded, Sugriva has not alleged any legal interest in Angada, Tara, or Vanera that was vested in Sugriva rather than Antle, or superior to Antle's interest, at the time of the acts giving rise to forfeiture. Sugriva, therefore, fails to state a claim under § 853(n)(6)(A) as to those three chimpanzees.

Joey requires separate discussion. The Verified Statement alleges that Joey was transferred to Sugriva's predecessor in December 2016. (DE 364 ¶ 6.) That allegation, if supported by facts establishing the predecessor's legal title and Sugriva's succession to that title, could present a different chronology from the allegations concerning Angada, Tara, and Vanera. But the Verified Statement does not identify the predecessor entity, the transferor, the transfer instrument, the legal nature of the predecessor's interest, or how Sugriva succeeded to that interest. Accordingly, Sugriva has not stated a § 853(n)(6)(A) claim as to Joey as pleaded.

**B.      Sugriva's Existing Verified Statement Does Not State a Claim Under 21 U.S.C. § 853(n)(6)(B), But Leave to Amend Is Warranted**

Sugriva's principal theory is that it qualifies as a bona fide purchaser for value under § 853(n)(6)(B). To qualify as a bona fide purchaser for value, a petitioner must establish that it acquired "the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture . . ." 21 U.S.C. § 853(n)(6)(B). The Government argues Sugriva fails to allege the circumstances of any transfer for value sufficient to establish bona fide purchaser status. (DE 382 at 14-16.) The Government further contends Sugriva necessarily knew the chimpanzees were subject to forfeiture because the alleged transfer occurred after commencement of the criminal case and during the pendency of active proceedings against Antle. (*Id.*; DE 388.)

The Court agrees that the Verified Statement of Interest is deficient as pleaded. The verified petition does not identify, animal by animal, the transferor, transferee, date of transfer, transfer instrument or agreement, consideration

exchanged, or legal basis upon which Sugriva contends ownership–as opposed to custody–vested. Instead, Sugriva alleges, in general terms, that it "received" the chimpanzees and "provided value" in the form of time, money, energy, and care obligations. (DE 364 ¶¶ 11, 16.) Those allegations are too conclusory to satisfy § 853(n)(3) and do not allow the Court to determine whether Sugriva plausibly acquired a legal interest as a bona fide purchaser for value.

The Court does not hold that Sugriva's bona fide purchaser theory is foreclosed as a matter of law. Sugriva's opposition brief supplies additional detail, including assertions that it undertook substantial and ongoing care obligations and that USDA/APHIS licensing and government conduct gave it reason to believe its possession was lawful. (DE 386 at 2–4.) Those assertions, however, are not set forth with comparable specificity in the verified petition. Rule 32.2(c)(1)(A) requires the Court to assume the truth of the facts set forth in the petition, not to rewrite the petition based on later briefing.

The Government's objections to the timing of the alleged transfer, the adequacy of any consideration, the arm's-length nature of the transaction, and Sugriva's knowledge of the criminal proceedings are substantial. Those issues may ultimately defeat Sugriva's claim. At this stage, however, the appropriate course is to dismiss the § 853(n)(6)(B) theory as insufficiently pleaded while granting leave to amend so that Sugriva may, if it can do so consistent with § 853(n)(3) and counsel's obligations, set forth the necessary verified facts.

Accordingly, the Court grants the Motion to Dismiss as to the § 853(n)(6)(B) claim as presently pleaded, but the dismissal is without prejudice and with leave to amend.

**C.     Amendment of the Verified Statement of Interest Is Appropriate**

Because the Verified Statement of Interest lacks the factual specificity required by § 853(n)(3), amendment is necessary before the Court determines whether limited discovery under Rule 32.2(c)(1)(B) is warranted.

Any amended verified petition must plead the asserted legal interest separately for each chimpanzee. At a minimum, the amended petition must identify: (1) the precise nature of the interest asserted; (2) the transferor and transferee; (3) the date and circumstances of acquisition; (4) the transfer instrument, agreement, or other source of legal title; (5) the consideration allegedly exchanged and whether it was bargained for at the time of acquisition; (6) the legal basis for ownership rather than mere custody or possession; and (7) the facts supporting Sugriva's assertion that, at the time of acquisition, it was reasonably without cause to believe the chimpanzees were subject to forfeiture.

Sugriva shall file an Amended Verified Statement of Interest within fourteen (14) days of the date of this Order. Any amendment may assert a bona fide purchaser claim under § 853(n)(6)(B) as to any chimpanzee for which Sugriva can plead the required facts. Any amended § 853(n)(6)(A) theory shall be limited to Joey and to the alleged December 2016 predecessor-transfer/succession theory described above. The Court does not reach the Government's broader contraband argument at this stage

9

because the pleading deficiencies identified herein are sufficient to resolve the present Motion.

### IV.    CONCLUSION

For these reasons, the United States's Motion to Dismiss Petitioner Sugriva Co., LLC's Verified Statement of Interest (DE 382) is GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED to the extent Petitioner seeks relief under 21 U.S.C. § 853(n)(6)(A) as to Angada, Tara, and Vanera, and any claim asserted under that subsection as to those chimpanzees is DISMISSED WITH PREJUDICE. The Motion is GRANTED as to any § 853(n)(6)(A) claim concerning Joey as presently pleaded, but dismissal of that narrow theory is WITHOUT PREJUDICE to amendment limited to the alleged December 2016 predecessor-transfer/succession theory. The Motion is also GRANTED as to Petitioner's § 853(n)(6)(B) claim as presently pleaded, but dismissal of that theory is WITHOUT PREJUDICE. The Motion is DENIED to the extent it seeks dismissal with prejudice of Petitioner's § 853(n)(6)(B) theory or dismissal without leave to amend.

Petitioner shall file an Amended Verified Statement of Interest within fourteen (14) days of the entry of this Order. The Amended Verified Statement of Interest shall clarify, separately as to each chimpanzee: (1) the precise nature of the interest asserted; (2) the transferor and transferee; (3) the circumstances and timing of the alleged transfer; (4) the transfer instrument, agreement, or other basis for legal title; (5) the consideration allegedly exchanged; (6) why the asserted interest is ownership rather than custody or possession; and (7) the factual basis supporting Petitioner's

assertion that it was reasonably without cause to believe the chimpanzees were subject to forfeiture. Any amended § 853(n)(6)(A) claim is limited to Joey and the alleged predecessor-transfer/succession theory. Any amended § 853(n)(6)(B) claim may be asserted only as to any chimpanzee for which Petitioner can plead the required verified facts.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 12, 2026